```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                       EASTERN DIVISION
```

EDWARD JAMES HOPSON                                        PLAINTIFF

VERSUS                            CIVIL ACTION NO. 4:06cv134TSL-LRA

BILLY SOLLIE, et al.                                      DEFENDANTS

                          OPINION AND ORDER

Upon further consideration of the records in this action, the court finds that an order [3-1] was entered on October 23, 2006, denying the prisoner plaintiff's request to proceed <u>in forma pauperis</u> pursuant to 28 U.S.C. § 1915(g) and requiring plaintiff to pay the full filing fee of $350.00 within 30 days.  Plaintiff was warned that his failure to timely comply with the requirements of the order would lead to the dismissal of his lawsuit.

On November 6, 2006, the plaintiff filed a motion for reconsideration [4-1] which was denied by an order [5-1] entered on November 8, 2006.  The order [5-1] of November 8, 2006, also granted a 15-day extension of time in which the plaintiff was to pay the filing fee.

When the plaintiff failed to pay the filing fee, an order to show cause [7-1] was entered on December 13, 2006, directing the plaintiff to respond and pay the filing fee.  The plaintiff filed a response [8-1] on January 8, 2007.  However, he did not pay the filing fee as directed.

The plaintiff argues in the response [8-1] that his complaint falls within the three-strikes exception of § 1915 (g), "imminent danger of serious physical injury." Plaintiff states that he was verbally threatened. Addressing the exception provision of § 1915 (g), the United States Court of Appeals for the Fifth Circuit held that

> [t]he plain language of the statute leads us to conclude that a prisoner with three strikes is entitled to proceed with his action or appeal only if he is in imminent danger *at the time that he seeks to file his suit in district court* or seeks to proceed with his appeal or files a motion to proceed IFP.

Banos v. O'Guin, 144 F.3d 883, 884 (5th Cir. 1998) (emphasis added). Clearly, the danger must exist at the time the complaint is filed. Id. "Further, '[b]y using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred." Malik v. McGinnis, 293 F.3d 559, 563 (2d Cir. 2002) (citing Abdul-Akbar v. McKelvie, 239 F.3d 307, 315 (3d Cir. 2001)). Upon additional review of the plaintiff's complaint and entire court record along with consideration of the response [8-1], the court finds that the plaintiff has failed to establish that he was under imminent danger of serious physical injury at the time of filing this complaint. Banos v. O'Guin, 144 F.3d 883, 884-85 (5th Cir.1998); Choyce v. Domiguez, 160 F.3d 1068 (5th Cir.1998). Having considered the arguments in his response [8-1], the plaintiff has failed to meet the exception to 28 U.S.C. § 1915(g).

As mentioned previously, the plaintiff has not paid the filing fee as directed in the order [3-1] of October 23, 2006. Plaintiff was directed to pay the fee within 30 days of the entry of the order [3-1] of October 23, 2006, or his case would be dismissed. The court has been lenient with this deadline and granted the plaintiff an extension of time and the plaintiff has still not complied with the court's order.

This court has the authority to dismiss an action for the plaintiff's failure to prosecute under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE and under its inherent authority to dismiss the action sua sponte. See Link v. Wabash Railroad, 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988). The court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the court. Link, supra, 370 U.S. at 630.

Since the defendants have never been called upon to respond to the plaintiff's pleading, and have never appeared in this action, and since the court has never considered the merits of plaintiff's claims, the court's order of dismissal should provide that dismissal is without prejudice. Shaw v. Estelle, 542 F.2d 954 (5th Cir. 1976).

A final judgment in accordance with this opinion and order will be entered.

This the   9th   day of January, 2007.


                                          /s/Tom S. Lee
                                          UNITED STATES DISTRICT JUDGE